IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 12-CV-03360-REB-MEH

WADE A. WILLIAMS,

Plaintiff,

v.

NATIONAL ASSET RECOVERY SERVICES, INC., et al,

Defendants.

___

## ANSWER

___

COMES NOW Defendants Berman & Rabin, P.A., Michael H. Berman, Daniel S. Rabin, and Benjamin N. Hutnick, (hereinafter "Defendant-Attorneys") by and through undersigned counsel, and for their joint Answer to Plaintiff's Complaint state the following:

### PRELIMINARY STATEMENT

1.      Defendant-Attorneys admit that this Complaint alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (hereinafter "FCRA"), and Colorado Fair Debt Collection Practices Act, Col. Rev. Stat. § 12-14-101, et seq. (hereinafter "CFDCPA"), but deny any such violations have occurred or that Plaintiff has any right to relief herein.

### JURISDICTION

2.      Defendant-Attorneys admit that generally, jurisdiction of this Court is appropriate

pursuant to 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and 15 U.S.C. § 1692k(d), but deny that Plaintiff has any right to relief herein.

3. Defendant-Attorneys make no objection to venue as alleged in Paragraph 3 of Plaintiff's Complaint.

4. Defendant-Attorneys deny the allegations in Paragraph 4 of Plaintiff's Complaint. The violations alleged have not occurred and Plaintiff has no right to relief herein, nor damages therefore.

5. Defendant-Attorneys lack sufficient knowledge to admit or deny the allegations in Paragraph 5 of Plaintiff's Complaint, and therefore, deny the same for the present time.

6. Defendant-Attorneys lack sufficient knowledge to admit or deny the allegations in Paragraph 6 of Plaintiff's Complaint, and therefore, deny the same for the present time.

7. Defendant-Attorneys admit that Berman & Rabin, P.A. (hereinafter, "B&R") is a professional association doing business in the state of Kansas. Defendant-Attorneys deny the remaining allegations in Paragraph 7 of Plaintiff's Complaint. At all times relevant to the allegations in Plaintiff's Complaint, B&R and Benjamin N. Hutnick (hereinafter "Hutnick") were merely acting as defense attorneys for Defendant National Asset Recovery Services, Inc. (hereinafter "NARS") for the sole purpose of responding to a Notice of Intent to Sue received by NARS from the Plaintiff. A true and correct copy of the Notice of Intent to Sue is attached hereto as Exhibit A, and incorporated herein by reference.

8. Defendant-Attorneys admit that Michael H. Berman (hereinafter, "Berman") is a resident of Kansas and partner of B&R. Defendant-Attorneys deny the remaining allegations in Paragraph 8 of Plaintiff's Complaint. At all times relevant to the allegations in Plaintiff's Complaint, B&R and Hutnick were merely acting as defense attorneys for Defendant NARS for

the sole purpose of responding to the Notice of Intent to Sue. Berman did not have any direct contact with Plaintiff.

9. Defendant-Attorneys admit that Daniel S. Rabin (hereinafter, "Rabin") is a resident of Kansas and partner of B&R. Defendant-Attorneys deny the remaining allegations in Paragraph 9 of Plaintiff's Complaint. At all times relevant to the allegations in Plaintiff's Complaint, B&R and Hutnick were merely acting as defense attorneys for Defendant NARS for the sole purpose of responding to the Notice of Intent to Sue. Rabin did not have any direct contact with Plaintiff.

10. Defendant-Attorneys admit that Hutnick is a resident of Kansas and employee of B&R. Defendant-Attorneys deny the remaining allegations in Paragraph 10 of Plaintiff's Complaint. At all times relevant to the allegations in Plaintiff's Complaint, B&R and Hutnick were merely acting as defense attorneys for Defendant NARS for the sole purpose of responding to the Notice of Intent to Sue.

11. Defendant-Attorneys lack sufficient knowledge to admit or deny the allegations in Paragraph 11 of Plaintiff's Complaint, and therefore, deny the same for the present time.

## FACTUAL ALLEGATIONS

12. Defendant-Attorneys lack sufficient knowledge to admit or deny the allegations in Paragraph 12 of Plaintiff's Complaint, and therefore, deny the same for the present time.

13. Defendant-Attorneys lack sufficient knowledge to admit or deny the allegations in Paragraph 13 of Plaintiff's Complaint, and therefore, deny the same for the present time.

14. Defendant-Attorneys admit that on or about November 24, 2012, Plaintiff sent

NARS the Notice of Intent to Sue. Defendant-Attorneys lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 14 of Plaintiff's Complaint, and therefore, deny the same for the present time.

15. Defendant-Attorneys lack sufficient knowledge to admit or deny the allegations in Paragraph 15 of Plaintiff's Complaint, and therefore, deny the same for the present time.

16. Defendant-Attorneys deny the allegations in Paragraph 16 of Plaintiff's Complaint, as they concern conduct or statements made between *pro se* Plaintiff and NARS' attorney during compromise negotiations about Plaintiff's claims, and are therefore inadmissible pursuant to Federal Rule of Evidence 408(a)(2).

17. Defendant-Attorneys deny the allegations in Paragraph 17 of Plaintiff's Complaint, as they concern conduct or statements made between *pro se* Plaintiff and NARS' attorney during compromise negotiations about Plaintiff's claims, and are therefore inadmissible pursuant to Federal Rule of Evidence 408(a)(2).

18. Defendant-Attorneys deny the allegations in Paragraph 18 of Plaintiff's Complaint, as they concern conduct or statements made between *pro se* Plaintiff and NARS' attorney during compromise negotiations about Plaintiff's claims, and are therefore inadmissible pursuant to Federal Rule of Evidence 408(a)(2).

19. Defendant-Attorneys deny the allegations in Paragraph 19 of Plaintiff's Complaint, as they concern conduct or statements made between *pro se* Plaintiff and NARS' attorney during compromise negotiations about Plaintiff's claims, and are therefore inadmissible pursuant to Federal Rule of Evidence 408(a)(2).

20. Defendant-Attorneys deny the allegations in Paragraph 20 of Plaintiff's Complaint, as they concern conduct or statements made between *pro se* Plaintiff and NARS'

attorney during compromise negotiations about Plaintiff's claims, and are therefore inadmissible pursuant to Federal Rule of Evidence 408(a)(2).

21. Defendant-Attorneys deny the allegations in Paragraph 21 of Plaintiff's Complaint, as they concern conduct or statements made between *pro se* Plaintiff and NARS' attorney during compromise negotiations about Plaintiff's claims, and are therefore inadmissible pursuant to Federal Rule of Evidence 408(a)(2).

22. Defendant-Attorneys deny the allegations in Paragraph 22 of Plaintiff's Complaint, as they concern conduct or statements made between *pro se* Plaintiff and NARS' attorney during compromise negotiations about Plaintiff's claims, and are therefore inadmissible pursuant to Federal Rule of Evidence 408(a)(2).

23. Defendant-Attorneys deny the allegations in Paragraph 23 of Plaintiff's Complaint, as they concern conduct or statements made between *pro se* Plaintiff and NARS' attorney during compromise negotiations about Plaintiff's claims, and are therefore inadmissible pursuant to Federal Rule of Evidence 408(a)(2).

24. Defendant-Attorneys deny the allegations in Paragraph 24 of Plaintiff's Complaint, as they concern conduct or statements made between *pro se* Plaintiff and NARS' attorney during compromise negotiations about Plaintiff's claims, and are therefore inadmissible pursuant to Federal Rule of Evidence 408(a)(2).

25. Paragraph 25 of Plaintiff's Complaint does not make any allegations to which a response is required.  To the extent that Paragraph 25 suggests that Defendant-Attorneys violated the FDCPA, FCRA, or CFDCPA, Defendant-Attorneys deny that allegation.

26. Paragraph 26 of Plaintiff's Complaint does not make any allegations to which a response is required. To the extent that Paragraph 26 suggests that Defendant-Attorneys violated the FDCPA, FCRA, or CFDCPA, Defendant-Attorneys deny that allegation.

27. Defendant-Attorneys deny the allegations in Paragraph 27 of Plaintiff's Complaint, as they concern conduct or statements made between *pro se* Plaintiff and NARS' attorney during compromise negotiations about Plaintiff's claims, and are therefore inadmissible pursuant to Federal Rule of Evidence 408(a)(2).

28. Defendant-Attorneys deny that Defendant-Attorneys are collecting debts in Colorado. Defendant-Attorneys lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 28 of Plaintiff's Complaint, and therefore, deny the same for the present time.

29. Defendant-Attorneys deny the allegations in Paragraph 29 of Plaintiff's Complaint. Defendant-Attorneys are not aware of, nor have they been presented with evidence of the damages allegedly incurred by Plaintiff.

## COUNT I – FDCPA

30. Defendant-Attorneys reincorporate and re-allege their responses to Paragraphs 1 through 29 above, as if fully set forth herein.

31. Defendant-Attorneys deny the allegations in Paragraph 31 of Plaintiff's Complaint. These allegations require a legal conclusion.

32. Defendant-Attorneys deny the allegations in Paragraph 32 of Plaintiff's Complaint. These allegations require a legal conclusion.

33. Defendant-Attorneys deny the allegations in Paragraph 33 of Plaintiff's Complaint, including subparts (a) through (f) thereof. These allegations require a legal conclusion.

## COUNT II – FCRA – WILLFUL NONCOMPLIANCE

34. Defendant-Attorneys reincorporate and re-allege their responses to Paragraphs 1 through 33 above, as if fully set forth herein.

35. Defendant-Attorneys deny the allegations in Paragraph 35 of Plaintiff's Complaint. These allegations require a legal conclusion.

36. Defendant-Attorneys deny the allegations in Paragraph 36 of Plaintiff's Complaint. These allegations require a legal conclusion.

37. Defendant-Attorneys deny the allegations in Paragraph 37 of Plaintiff's Complaint, including subpart (a) thereof. These allegations require a legal conclusion.

## COUNT III – FCRA – NEGLIGENT NONCOMPLIANCE

38. Defendant-Attorneys reincorporate and re-allege their responses to Paragraphs 1 through 37 above, as if fully set forth herein.

39. Defendant-Attorneys deny the allegations in Paragraph 39 of Plaintiff's Complaint. These allegations require a legal conclusion.

40. Defendant-Attorneys deny the allegations in Paragraph 40 of Plaintiff's Complaint. These allegations require a legal conclusion.

41. Defendant-Attorneys deny the allegations in Paragraph 41 of Plaintiff's Complaint, including subpart (a) thereof. These allegations require a legal conclusion.

## COUNT IV – CFDCPA

42. Defendant-Attorneys reincorporate and re-allege their responses to Paragraphs 1 through 41 above, as if fully set forth herein.

43. Paragraph 43 of Plaintiff's Complaint does not make any allegations to which a response is required. To the extent that Paragraph 43 suggests that Defendant-Attorneys violated the CFDCPA, Defendant-Attorneys deny that allegation.

44. Defendant-Attorneys deny the allegations in Paragraph 44 of Plaintiff's Complaint. These allegations require a legal conclusion.

45. Defendant-Attorneys deny the allegations in Paragraph 45 of Plaintiff's Complaint. These allegations require a legal conclusion.

## RESPONDEAT SUPERIOR

46. Defendant-Attorneys lack sufficient knowledge to admit or deny the allegations in Paragraph 46 of Plaintiff's Complaint, and therefore, deny the same for the present time.

47. Defendant-Attorneys lack sufficient knowledge to admit or deny the allegations in Paragraph 47 of Plaintiff's Complaint, and therefore, deny the same for the present time.

48. Defendant-Attorneys lack sufficient knowledge to admit or deny the allegations in Paragraph 48 of Plaintiff's Complaint, and therefore, deny the same for the present time.

49. Defendant-Attorneys lack sufficient knowledge to admit or deny the allegations in Paragraph 49 of Plaintiff's Complaint, and therefore, deny the same for the present time.

50. Defendant-Attorneys lack sufficient knowledge to admit or deny the allegations in Paragraph 50 of Plaintiff's Complaint, and therefore, deny the same for the present time.

51. Defendant-Attorneys lack sufficient knowledge to admit or deny the allegations in Paragraph 51 of Plaintiff's Complaint, and therefore, deny the same for the present time.

52. Defendant-Attorneys lack sufficient knowledge to admit or deny the allegations in Paragraph 52 of Plaintiff's Complaint, and therefore, deny the same for the present time.

53. Defendant-Attorneys deny the allegations in Paragraph 45 of Plaintiff's Complaint.  These allegations require a legal conclusion.

## JURY TRIAL DEMAND

54. Defendant-Attorneys deny that Plaintiff has any claim herein, and therefore, deny that Plaintiff is entitled to Trial by Jury as alleged in his Complaint.

## PRAYER FOR RELIEF

55. Defendant-Attorneys deny that Plaintiff is entitled to any damages, fees, costs, other awards, or findings in his favor, as requested in Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Defendant-Attorneys were acting as defense counsel for NARS at all times relevant to the conduct alleged herein, and therefore are not proper party Defendants under the FDCPA, FCRA, or CFDCPA, nor should their compromise negotiations with Plaintiff be admissible as evidence.  *See, e.g., In re Cooper*, 253 B.R. 286, 294 (N.D. Fla. Bankr. 2000) (finding that no FDCPA liability could be imposed on a law firm which had no involvement in the alleged debt collection activity, but which merely appeared in defense of parties accused of violating the FDCPA); 15 U.S.C. § 1692 et seq.; 15 U.S.C. § 1681, et seq.; Col. Rev. Stat. § 12-14-101, et seq.; Fed. R. Ev. 408(a)(2).

3. Defendant-Attorneys affirmatively state that they maintain thorough training procedures for all employees who participate in collection communications.  Any collection communication, which may have allegedly violated the Fair Debt Collection Practices Act

("FDCPA"), may be subject to a *bona fide error* defense. Defendant-Attorneys have policies and procedures in place, including rigorous and thorough training of employees, to prevent the very conduct that Plaintiff alleges. Thus, even if the alleged conduct were to be attributed to Defendant-Attorneys and were to be construed as a violation of the FDCPA, it was the result of a bona fide error that occurred despite Defendant-Attorneys' policies and procedures to prevent such violations. The law on this issue provides that a debt collector will be shielded from liability if it shows that any violation was "(1) unintentional, (2) a bona fide error, and (3) made despite the maintenance of procedures reasonably adapted to avoid the error." *Johnson v. Riddle*, 443 F.3d 723, 727-28 (10th Cir. 2006); 15 U.S.C. 1692k(c).

4. Plaintiff has not suffered any damages.

5. To the extent that Plaintiff claims to have suffered damages, which is disputed by Defendant, Plaintiff has failed to mitigate any such claimed damages.

WHEREFORE, Defendant-Attorneys prays that Plaintiff's Complaint be dismissed with prejudice, for its attorney's fees and costs incurred herein, and for such further and other relief as the Court deems just and equitable.

Respectfully Submitted,

Adam L. Plotkin, P.C.

/s/Joseph J. Lico
Joseph J. Lico, Esq., #29944
621 Seventeenth Avenue, Suite 1800
Denver, Colorado 80293
Telephone: (303) 302-6864
FAX: (303) 302-6864
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of January, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and served a true and correct copy on the following by U.S. Mail and email:

Wade A. Williams
13843 Fairfax Street
Thornton, CO  80602
*PRO SE* PLAINTIFF

/s/Joseph J. Lico_____
Joseph J. Lico, Esq.