**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 12-CV-03360-REB-MEH

**WADE A. WILLIAMS,**

Plaintiff,

v.

**NATIONAL ASSET RECOVERY SERVICES, INC., et al,**

Defendants.

_____

**ANSWER**

_____

COMES NOW Defendant National Asset Recovery Services, Inc., (hereinafter "Defendant") by and through undersigned counsel, and for its Answer to Plaintiff's Complaint states the following:

**PRELIMINARY STATEMENT**

1.     Defendant admits that this Complaint alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (hereinafter "FCRA"), and Colorado Fair Debt Collection Practices Act, Col. Rev. Stat. § 12-14-101, et seq. (hereinafter "CFDCPA"), but deny any such violations have occurred or that Plaintiff has any right to relief herein.

**JURISDICTION**

2.     Defendant admits that generally, jurisdiction of this Court is appropriate

pursuant to 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and 15 U.S.C. § 1692k(d), but denies that Plaintiff has any right to relief herein.

3. Defendant makes no objection to venue as alleged in Paragraph 3 of Plaintiff's Complaint.

4. Defendant denies the allegations in Paragraph 4 of Plaintiff's Complaint. The violations alleged have not occurred and Plaintiff has no right to relief herein, nor damages therefore.

5. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 5 of Plaintiff's Complaint, and therefore, denies the same for the present time.

6. Defendant lacks sufficient knowledge to admit or deny the allegation in Paragraph 6 of Plaintiff's Complaint that at all relevant times, it was a corporation doing business in the State of Missouri. Defendant denies the remaining allegations in Paragraph 6 of Plaintiff's Complaint. These allegations require legal conclusions concerning the cited statutes.

7. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 7 of Plaintiff's Complaint, and therefore, denies the same for the present time.

8. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 8 of Plaintiff's Complaint, and therefore, denies the same for the present time.

9. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 9 of Plaintiff's Complaint, and therefore, denies the same for the present time.

10. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 10 of Plaintiff's Complaint, and therefore, denies the same for the present time.

11. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 11 of Plaintiff's Complaint, and therefore, denies the same for the present time.

## FACTUAL ALLEGATIONS

12. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 12 of Plaintiff's Complaint, and therefore, denies the same for the present time.

13. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 13 of Plaintiff's Complaint, and therefore, denies the same for the present time.

14. Defendant admits that on or about November 24, 2012, Plaintiff sent NARS the Notice of Intent to Sue. Defendant lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 14 of Plaintiff's Complaint, and therefore, denies the same for the present time.

15. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 15 of Plaintiff's Complaint, and therefore, denies the same for the present time.

16. Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint, as they concern conduct or statements made between *pro se* Plaintiff and NARS' attorney during compromise negotiations about Plaintiff's claims, and are therefore inadmissible pursuant to Federal Rule of Evidence 408(a)(2). To any extent the aforementioned conduct or statements are deemed admissible, Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 16 of Plaintiff's Complaint, and therefore, denies the same for the present time.

17. Defendant denies the allegations in Paragraph 17 of Plaintiff's Complaint, as they concern conduct or statements made between *pro se* Plaintiff and NARS' attorney during compromise negotiations about Plaintiff's claims, and are therefore inadmissible pursuant to Federal Rule of Evidence 408(a)(2). To any extent the aforementioned conduct or statements are deemed admissible, Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 16 of Plaintiff's Complaint, and therefore, denies the same for the present time.

18.     Defendant denies the allegations in Paragraph 18 of Plaintiff's Complaint, as they concern conduct or statements made between *pro se* Plaintiff and NARS' attorney during compromise negotiations about Plaintiff's claims, and are therefore inadmissible pursuant to Federal Rule of Evidence 408(a)(2).  To any extent the aforementioned conduct or statements are deemed admissible, Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 16 of Plaintiff's Complaint, and therefore, denies the same for the present time.

19.     Defendant denies the allegations in Paragraph 19 of Plaintiff's Complaint, as they concern conduct or statements made between *pro se* Plaintiff and NARS' attorney during compromise negotiations about Plaintiff's claims, and are therefore inadmissible pursuant to Federal Rule of Evidence 408(a)(2).  To any extent the aforementioned conduct or statements are deemed admissible, Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 16 of Plaintiff's Complaint, and therefore, denies the same for the present time.

20.     Defendant denies the allegations in Paragraph 20 of Plaintiff's Complaint, as they concern conduct or statements made between *pro se* Plaintiff and NARS' attorney during compromise negotiations about Plaintiff's claims, and are therefore inadmissible pursuant to Federal Rule of Evidence 408(a)(2).  To any extent the aforementioned conduct or statements are deemed admissible, Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 16 of Plaintiff's Complaint, and therefore, denies the same for the present time.

21.     Defendant denies the allegations in Paragraph 21 of Plaintiff's Complaint, as they concern conduct or statements made between *pro se* Plaintiff and NARS' attorney during compromise negotiations about Plaintiff's claims, and are therefore inadmissible pursuant to Federal Rule of Evidence 408(a)(2).  To any extent the aforementioned conduct or statements are

deemed admissible, Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 16 of Plaintiff's Complaint, and therefore, denies the same for the present time.

22. Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint, as they concern conduct or statements made between *pro se* Plaintiff and NARS' attorney during compromise negotiations about Plaintiff's claims, and are therefore inadmissible pursuant to Federal Rule of Evidence 408(a)(2). To any extent the aforementioned conduct or statements are deemed admissible, Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 16 of Plaintiff's Complaint, and therefore, denies the same for the present time.

23. Defendant denies the allegations in Paragraph 23 of Plaintiff's Complaint, as they concern conduct or statements made between *pro se* Plaintiff and NARS' attorney during compromise negotiations about Plaintiff's claims, and are therefore inadmissible pursuant to Federal Rule of Evidence 408(a)(2). To any extent the aforementioned conduct or statements are deemed admissible, Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 16 of Plaintiff's Complaint, and therefore, denies the same for the present time.

24. Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint, as they concern conduct or statements made between *pro se* Plaintiff and NARS' attorney during compromise negotiations about Plaintiff's claims, and are therefore inadmissible pursuant to Federal Rule of Evidence 408(a)(2). To any extent the aforementioned conduct or statements are deemed admissible, Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 16 of Plaintiff's Complaint, and therefore, denies the same for the present time.

25. Paragraph 25 of Plaintiff's Complaint does not make any allegations to which a response is required. To the extent that Paragraph 25 suggests that Defendant violated the FDCPA, FCRA, or CFDCPA, Defendant denies that allegation.

26. Paragraph 26 of Plaintiff's Complaint does not make any allegations to which a response is required. To the extent that Paragraph 26 suggests that Defendant violated the FDCPA, FCRA, or CFDCPA, Defendant denies that allegation.

27. Defendant denies the allegations in Paragraph 27 of Plaintiff's Complaint, as they concern conduct or statements made between *pro se* Plaintiff and NARS' attorney during compromise negotiations about Plaintiff's claims, and are therefore inadmissible pursuant to Federal Rule of Evidence 408(a)(2). To any extent the aforementioned conduct or statements are deemed admissible, Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 16 of Plaintiff's Complaint, and therefore, denies the same for the present time.

28. Defendant admits that it collects debts in Colorado, but denies that it was collecting a debt in the present case.

29. Defendant denies the allegations in Paragraph 29 of Plaintiff's Complaint. Defendant is not aware of, nor has it been presented with evidence of the damages allegedly incurred by Plaintiff.

## COUNT I – FDCPA

30. Defendant reincorporates and re-alleges its responses to Paragraphs 1 through 29 above, as if fully set forth herein.

31. Defendant denies the allegations in Paragraph 31 of Plaintiff's Complaint. These allegations require a legal conclusion.

32. Defendant denies the allegations in Paragraph 32 of Plaintiff's Complaint. These allegations require a legal conclusion.

33. Defendant denies the allegations in Paragraph 33 of Plaintiff's Complaint, including subparts (a) through (f) thereof. These allegations require a legal conclusion.

## COUNT II – FCRA – WILLFUL NONCOMPLIANCE

34. Defendant reincorporates and re-alleges its responses to Paragraphs 1 through 33 above, as if fully set forth herein.

35. Defendant denies the allegations in Paragraph 35 of Plaintiff's Complaint. These allegations require a legal conclusion.

36. Defendant denies the allegations in Paragraph 36 of Plaintiff's Complaint. These allegations require a legal conclusion.

37. Defendant denies the allegations in Paragraph 37 of Plaintiff's Complaint, including subpart (a) thereof. These allegations require a legal conclusion.

## COUNT III – FCRA – NEGLIGENT NONCOMPLIANCE

38. Defendant reincorporates and re-alleges its responses to Paragraphs 1 through 37 above, as if fully set forth herein.

39. Defendant denies the allegations in Paragraph 39 of Plaintiff's Complaint. These allegations require a legal conclusion.

40. Defendant denies the allegations in Paragraph 40 of Plaintiff's Complaint. These allegations require a legal conclusion.

41. Defendant denies the allegations in Paragraph 41 of Plaintiff's Complaint, including subpart (a) thereof. These allegations require a legal conclusion.

## COUNT IV – CFDCPA

42. Defendant reincorporates and re-alleges its responses to Paragraphs 1 through 41 above, as if fully set forth herein.

43.     Paragraph 43 of Plaintiff's Complaint does not make any allegations to which a response is required. To the extent that Paragraph 43 suggests that Defendant violated the CFDCPA, Defendant denies that allegation.

44.     Defendant denies the allegations in Paragraph 44 of Plaintiff's Complaint. These allegations require a legal conclusion.

45.     Defendant denies the allegations in Paragraph 45 of Plaintiff's Complaint. These allegations require a legal conclusion.

## RESPONDEAT SUPERIOR

46.     Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 46 of Plaintiff's Complaint, and therefore, denies the same for the present time.

47.     Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 47 of Plaintiff's Complaint, and therefore, denies the same for the present time.

48.     Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 48 of Plaintiff's Complaint, and therefore, denies the same for the present time.

49.     Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 49 of Plaintiff's Complaint, and therefore, denies the same for the present time.

50.     Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 50 of Plaintiff's Complaint, and therefore, denies the same for the present time.

51.     Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 51 of Plaintiff's Complaint, and therefore, denies the same for the present time.

52.     Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 52 of Plaintiff's Complaint, and therefore, denies the same for the present time.

53. Defendant denies the allegations in Paragraph 53 of Plaintiff's Complaint. These allegations require a legal conclusion.

## JURY TRIAL DEMAND

54. Defendant denies that Plaintiff has any claim herein, and therefore, denies that Plaintiff is entitled to Trial by Jury as alleged in his Complaint.

## PRAYER FOR RELIEF

55. Defendant denies that Plaintiff is entitled to any damages, fees, costs, other awards, or findings in her favor, as requested in Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff lacks standing to bring this action under several provisions of the cited statutes. Plaintiff is not a consumer within the meaning of the FDCPA, CFDCPA, or FCRA under the facts alleged. The debt is not a debt within the meaning of the FDCPA, CFDCPA, or FCRA under the facts alleged. Defendant is not a debt collector within the meaning of the FDCPA or CFDCPA, and is not a furnisher of information under the FCRA under the facts alleged.

3. Defendant affirmatively state that they maintain thorough training procedures for all employees who participate in collection communications. Any collection communication, which may have allegedly violated the Fair Debt Collection Practices Act ("FDCPA"), may be subject to a *bona fide error* defense. Defendant has policies and procedures in place, including rigorous and thorough training of employees, to prevent the very conduct that Plaintiff alleges. Thus, even if the alleged conduct were to be attributed to Defendant and were to be construed as a violation of the FDCPA, it was the result of a bona fide error that occurred despite Defendant's

policies and procedures to prevent such violations. The law on this issue provides that a debt collector will be shielded from liability if it shows that any violation was "(1) unintentional, (2) a bona fide error, and (3) made despite the maintenance of procedures reasonably adapted to avoid the error." *Johnson v. Riddle*, 443 F.3d 723, 727-28 (10th Cir. 2006); 15 U.S.C. 1692k(c).

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, for its attorney's fees and costs incurred herein, and for such further and other relief as the Court deems just and equitable.

Respectfully Submitted this 1st day of March, 2013.

Adam L. Plotkin, P.C.

/s/Joseph J. Lico
Joseph J. Lico, Esq.
621 Seventeenth Avenue, Suite 1800
Denver, Colorado 802933
Telephone: (303) 302-6864
FAX: (303) 302-6864
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of March, 2013, I electronically filed the foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT NATIONAL ASSET RECOVERY SERVICES, INC.,** with the Clerk of Court using the CM/ECF system, and served a true and correct copy on the following by U.S. Mail and email:

Wade A. Williams
13843 Fairfax Street
Thornton, CO  80602
wade@thesharkroom.com
*PRO SE* PLAINTIFF

s/ Joseph J. Lico
Joseph J. Lico, Esq.